THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HOWARD E. MACKEY, Appellant.—

Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE V. WHALEN, Appellant.—

Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALEXANDER J. MYSTEK and ROBERT S. ZIGMAN, Appellants.—

Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

WALTER LAWSON et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 37196.) —

Memorandum: Claimants owned a parcel of land on highway Route 14, situate in Yates County. Located thereon were three separate buildings: (1) a combination gas station, garage and living quarters; (2) a restaurant; and (3) a five-unit motel. The State, in connection with a highway widening program, appropriated a parcel of claimants' land approximately 475 feet by 35 feet. While the land taken was small in area it resulted in the westerly line of the highway being located 2½ feet from the front of the gas station and 20 feet from the motel. The State's expert testified the total damage to be $14,500 and claimants' expert fixed such damage at the sum of $39,920. It is apparent that the testimony of the State's expert was in part based upon mistaken information. He believed that the sanitary facilities for the motel, consisting of septic tank, seepage line and dry well located on the appropriated land had been moved subsequent to the taking. What had been moved was a leach bed used in connection with the gas station. It also appears that the motel and sanitary facilities cannot be moved away from the highway except at great expense, because of a high embankment to the west of the building. The State's expert admitted that he could not testify as to what impact these correct facts would have on his stated figure for consequential damages. In our opinion the trial court failed to give to this conflicting evidence the relative weight which it should have had and thus arrived at a value which was inadequate. The award should be increased to the sum of $27,000. (Appeal by claimants from judgment of Court of Claims for claimants on a claim for partial appropriation of property.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

ARLENE W. POTTER, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 36066.)

Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.